CHRISTIAN PAVLIKA, INDIVIDUALLY AND AS NEXT FRIEND OF ANITA PAVLIKA, AN INFANT, PLAINTIFFS-RESPONDENTS, v. ERNEST GIGLIO, DEFENDANT-APPELLANT.

Submitted January 28, 1927—Decided May 25, 1927.

Negligence—Injury to Young Child by Automobile—No Error Found in Admission of Testimony—No Harmful Error in Charge That a Child Under Age of Seven Cannot be Charged With Contributory Negligence, Since Contributory Negligence is a Defense Under Rule 57, and it was Not Pleaded as a Defense—No Error Found in Charge Relating to Provisions of Motor Vehicle Act—Excessive Nature of Award Not Considered on Appeal.

On appeal from the Hudson County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the appellant, *Parker, Emery & Van Riper.*

For the respondents, *Alexander Simpson.*

PER CURIAM.

This action was brought by a father as the next friend of a child about five and a half years old, to recover for injuries received by her through being run down by an automobile of the defendant, and also to recover loss sustained by him individually because of the injury to the child. The trial resulted in a verdict for the infant of $5,000 and for the father $500.

The first ground for reversal is that the court erred in permitting the following question to be answered by the physician of the injured child over the objection of the defendant: "Was her condition dangerous; would such a

wound be fatal if not properly attended to?" This contention is ill-founded in point of fact. The question was not answered by the witness. That which followed it was quite different in its meaning, and was not objected to. It was as follows: "That wound, if not properly attended to, is a dangerous one?" The answer was, "Any wound, if not properly attended to, can be dangerous." Even if the latter question had been objected to, and the objection was well taken, the answer rendered it harmless.

The next point is that the court erred in charging the jury that, under the law, "a child under the age of seven years old cannot be charged with contributory negligence." This instruction was not entirely accurate. The law presumes that a child under that age has not contributed by her negligence to the happening of the accident; but this presumption may be rebutted by proof to the contrary. *Altieri v. Public Service Railway Co.,* 101 *N. J. L.* 241. The instruction, however, was harmless. Contributory negligence is a defense, under rule 58 of the Supreme Court, and it was not pleaded as a defense; but, even if it had been, the legal situation would have been the same, so far as the defendant was concerned; for there was no evidence produced at the trial which rebutted such presumption or from which contributory negligence could have been charged to this infant in the circumstances of the case. This being so, the error was harmless and would not justify a reversal. Practice act of 1912, section 27.

Next, it is said that the court erred in charging the jury as to the provisions of the Motor Vehicle act relating to the driving of such a vehicle. We see nothing of error in this. It is true that the violation of the statute does not necessarily speak negligence; but it is, nevertheless, a factor to be considered by the jury in determining the question of whether or not the defendant was negligent.

Next, it is contended that there was no basis for the charge of the court that the mother was entitled to recover any expense which she might have gone to as a result of the injury, for the reason that there was no evidence whatever that

any expense of any kind had been incurred, and, moreover, the mother was not a party to the suit. We think that this is so, and that the court was in error in permitting the jury to pass upon that matter. The result is that the judgment in favor of the father individually should be set aside. But, of course, this does not affect the judgment entered in favor of the child.

Lastly, it is argued that the verdict in favor of the child was excessive. Of course, that cannot be considered on the appeal from a judgment.

The judgment in favor of the infant plaintiff for $5,000 will be affirmed, and the judgment of the father for $500 reversed, and as to the latter a new trial awarded.